IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, CHRISTINE MOUSER, and ABED ARMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONA IDENTITIES INC.,<br><br>Defendant. | Case No.<br><br>Hon.<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs James Johnson ("Johnson"), Christine Mouser ("Mouser"), and Abed Arman ("Arman") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant Persona Identities, Inc., ("Persona" or "Defendant") for violations of the Illinois Identification Card Act, 15 ILCS 335/14D (the "IICA") and the Illinois Driver's License Act, 625 ILCS 5/6-117.1 (the "IDLA"). Plaintiffs allege as follows based on personal knowledge as to themselves and their own acts and experiences and as to all other matters, on information and belief, including an investigation by their attorneys.

## INTRODUCTION

1. Persona offers identity and age verification solutions through its Verification API, which it markets and sells to various businesses. This API enables real-time identity verification, age confirmation, and authentication by comparing user-submitted selfies with government-issued IDs.

2. Persona integrates its Verification API into its customers' websites, mobile applications, and other user interfaces to authenticate and verify the customers' employees' and

1

users' identities and ages. As part of the verification process, Defendant's Verification API collects and analyzes personally identifiable information, including information extracted from Illinois identification cards and Illinois driver's licenses (the information collected from Illinois identification cards and Illinois driver's licenses are hereinafter referred to as "PII"), along with identifying data from selfies.

3. Under the IICA and IDLA, information obtained from an Illinois identification card or driver's license to verify age or identity may only be used for purposes of identification of the individual. The Illinois legislature through the IICA and the IDLA has clearly restricted the use of PII to this specific use.

4. Plaintiffs provided their Illinois identification cards and/or driver's licenses to customers of Persona for the verification and authentication of their age and identity in exchange for access to Persona's customers' online services provided by their websites and mobile applications.

5. However, rather than limit the use of the information gathered from the PII submitted to Persona's customers, Persona took such PII and used it to train and optimize its machine learning algorithms and enhance the automated functions of its AI system that powers its Verification API. Such use of Plaintiffs' PII is illegal because it exceeded the scope of permitted use under the IICA and IDLA and thus violates their rights under the IICA and IDLA.

6. Plaintiffs bring this action to hold Persona accountable for unlawfully using their PII. Plaintiffs seek to prevent further violations, enforce compliance with Illinois privacy laws, and to recover statutory damages for Persona's unlawful use of their PII.

**PARTIES**

7. Plaintiff James Johnson is a natural person and citizen of Illinois.

8. Plaintiff Abed Arman is a natural person and citizen of Illinois.

9. Plaintiff Christine Mouser is a natural person and citizen of Illinois.

10. Defendant Persona Identities Inc. is a Delaware corporation with its principal place of business at 353 Sacramento Street, San Francisco, CA 94111. Defendant targets and engages with individuals residing in Illinois as it collects information from their Illinois identification cards, driver's licenses, and IP addresses from within this state. Additionally, Defendant contracts with Illinois corporations purposefully directing its business activities into this jurisdiction and availing itself of the Illinois marketplace.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

12. This Court may assert personal jurisdiction over Defendant, because Defendant does business within Illinois and transacts business in Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiffs' claims arise out of Defendants' in-state actions.

13. Venue is proper in this District because Plaintiffs reside in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

**I.     The Illinois Driver's License Act and Illinois Identification Card Act.**

14.     The IICA and IDLA were enacted to address concerns about businesses misusing patrons' information obtained from Illinois driver's licenses and identification cards.

15 ILCS 335/14D(a) mandates that:

> When information is obtained from an identification card issued by the Secretary of State to identify or prove the age of the holder of the card, or in the course of a commercial transaction, that information may be used only for purposes of identification of the individual or for completing the commercial transaction in which the information was obtained, including all subsequent payment, processing, collection, and other related actions. Information obtained from an identification card issued by the Secretary of State may not be used for purposes unrelated to the transaction in which it was obtained[.]

625 ILCS 5/6-117.1(a) mandates that:

> When information is obtained from a driver's license to identify or prove the age of the holder of the license, or in the course of a commercial transaction, that information may be used only for purposes of identification of the individual or for completing the commercial transaction in which the information was obtained, including all subsequent payment, processing, collection, and other related actions. Information obtained from a driver's license may not be used for purposes unrelated to the transaction in which it was obtained[.]

15.     By establishing nearly identical frameworks with slight modifications for their respective applications (identification cards versus driver's licenses), the Illinois General Assembly aimed to provide a uniform approach for protecting the PII of Illinois residents. This legislative consistency reflects a comprehensive effort to ensure that businesses handling sensitive identification information remain within the bounds of the intended purpose for which such information was collected, and to prevent the unauthorized use or dissemination of PII.

4

**II.     Persona's Verification API Violates the Privacy Rights of Illinois Residents.**

16.     Persona provides identity and age verification solutions through its Verification API. This API collected PII from individuals, including Plaintiffs, during onboarding, age verification, identity verification, and authentication services performed on behalf of its (Persona's) clients. While engaging in identity and age verification processes for its clients' websites and mobile applications, Persona collected PII from Plaintiffs, including full names, addresses, dates of birth, and identification numbers from Illinois identification cards and Illinois driver's licenses, as well as images of such identification cards.

17.     Persona's Verification API utilizes several processes to handle PII, including image processing, data analytics, and document analysis. These processes assist in verifying identities and ages accurately and efficiently.

18.     According to Persona's Privacy Policy, Persona may use uploaded content, including PII collected through its system or API, to "improve our product and service offerings" and "conduct research."[1] This suggests that Persona utilizes the data it collects, including PII collected by its API, to enhance the functionality and accuracy of its services – all of which exceed the scope of use permitted by law.

     *a.     Facts Specific to Defendant's Customer, DoorDash.*

19.     When individuals like Plaintiff Mouser and Plaintiff Arman registered to become DoorDash drivers, they scanned their Illinois driver's licenses and submitted a selfie video for

---

[1] https://web.archive.org/web/20240326195633/https:/withpersona.com/legal/privacy-policy#:~:text=Product%20and%20service,and%20conduct%20research%3B

5

identity verification purposes. Under the IICA and the IDLA, use of this collected PII is strictly limited to verification and authentication of the individuals' identities and ages.



20. The verification screen shown above includes a small, inconspicuous message, "secured with Persona" and states that DoorDash or its vendors collect and store PII for identity verification purposes. But, nowhere in the disclosures is there any mention that Persona or its customers would make additional use of PII beyond the permitted initial use for identification purposes. Additionally, the DoorDash screen and the hyperlinked DoorDash privacy policy do not provide a link or a way for an individual to access Persona's own privacy policy, further omitting information regarding how Persona might use the collected sensitive PII.

21. Persona's privacy policy during the relevant period states that it uses collected PII to improve its Verification API's functionality.[3]

22. Neither the verification screen from the DoorDash App nor the DoorDash Dasher Privacy Policy provided any notice to individuals that Persona would be provided and use their PII for purposes beyond age and identity verification. Such additional use of Plaintiffs' PII violates their statutory rights under the IICA and IDLA.

      b.    *Facts Specific to Defendant's Customer, 7NOW.*

23. Purchasers of age-restricted items through the 7NOW application (7-11's delivery mobile application) must verify their age and identity by submitting a photo of their government-issued ID during checkout. Upon delivery of their age restricted item, purchasers must again verify their identity by presenting the same ID to a DoorDash delivery driver. Such ID is verified by the DoorDash Dasher mobile application (using Persona's API) by scanning the front of the individual's ID to cross-reference the ID uploaded to the 7NOW mobile application.

24. Under the IICA and the IDLA, use of this collected PII is strictly limited to verification and authentication of the individuals' identities and ages.

25. At no time did the 7NOW mobile application inform its customers, like Plaintiff Johnson who purchased age-restricted products, that DoorDash would scan and collect their ID PII when purchasing age-restricted items, and that by DoorDash performing a subsequent identity and age verification through the Dasher Mobile app, that Persona would come into possession of

---

3 https://web.archive.org/web/20240326195633/https:/withpersona.com/legal/privacy-policy#:~:text=How%20we%20use%20Personal,features%2C%20and%20conduct%20research%3B
Also see https://web.archive.org/web/20210307184915/https://withpersona.com/legal/privacy-policy#:~:text=To%20analyze%20how%20you%20interact%20with%20our%20Service%20and%20provide%2C%20maintain%20and%20improve%20the%20content%20and%20functionality%20of%20the%20Service%20and%20our%20customer%20relationships%20and%20experiences%2C%20develop%20our%20business%20and%20inform%20our%20marketing%20strategy%3B

7

their PII. Further, 7NOW customers and Plaintiff Johnson were unaware that Persona would later use their PII for purposes beyond age and identity verification – including for the purpose of improving its products.

26. By using Plaintiffs' PII for training and improving its machine learning algorithms that power its Verification API, Persona violated their statutory rights under the IICA and IDLA.

### III. Persona's Violations of the IICA and IDLA.

27. The IICA and IDLA prohibit the use of PII obtained from Illinois identification cards and driver's licenses for uses other than identity and age verification.

28. Persona collected and used PII from Illinois residents, including Plaintiffs.

29. The PII collected during user onboarding and the delivery of age-restricted transactions through the DoorDash and 7NOW mobile applications were used by Persona to train and enhance its machine learning algorithms. Such use is expressly prohibited under the IICA and IDLA, which limit the use of identification card and driver's license information to use for the identification of the individual.

30. Plaintiffs and other Illinois residents were not informed of Persona's processing and additional use of their PII for purposes beyond verifying their identity and age, such as using it as training material to improve its machine learning algorithms and Verification API. This use deprived Illinois residents of their statutory rights under the IICA and IDLA.

### FACTS SPECIFIC TO PLAINTIFF JAMES JOHNSON

31. From 2021 to 2022, Plaintiff James Johnson placed multiple orders for age-restricted products through the 7NOW application. Whenever Plaintiff Johnson purchased an age-restricted item, the 7NOW mobile application prompted Plaintiff to upload a photo of the front of his Illinois driver's license to verify his age and identity.

32. Upon Plaintiff's 7NOW order arriving at his home in Illinois, a DoorDash delivery driver performed a subsequent identity and age verification through the DoorDash Dasher App, transmitting information from Plaintiff's Illinois ID Card and related PII to Persona to be processed again and later used to improve its AI systems.

33. Plaintiff Johnson was never informed that after submitting his driver's license through the 7NOW application, that DoorDash would subsequently reverify his age and identity, and Persona would extract and process the PII from his Illinois driver's license, including his name, date of birth, physical address, government identification numbers, and copies of his Illinois ID card.[4]

34. By using Plaintiff's PII to enhance its AI system and for purposes unrelated to identity verification, Persona violated the IICA and IDLA.

**FACTS SPECIFIC TO PLAINTIFFS ABED ARMAN & CHRISTINE MOUSER**

35. Between 2021 and 2023, Plaintiffs Abed Arman and Christine Mouser attempted to register and onboard as DoorDash delivery drivers. As part of the onboarding process, they were required to submit a photo of their Illinois driver's license and a live video selfie to verify their identity and eligibility to use the DoorDash platform.

36. However, as a result of the identity verification process, Persona used their driver's license-related PII for purposes beyond identity verification, including utilizing this information to enhance its Verification API and train its machine learning algorithms. This use is in violation of the IICA and IDLA, which restrict the use of such information only for purposes of verifying the identity and age of the individual.

---

4 https://web.archive.org/web/20210307184915/https://withpersona.com/legal/privacy-policy#:~:text=government%20identification%20numbers%20and%20copies%20of%20government%20identification%20documents%2C

9

37. DoorDash notified Plaintiff Arman in July 2023 that he had failed the identity verification process. Through this notification, Arman learned about Persona's involvement in the verification process despite having never been informed of Persona's use of his data for purposes beyond verifying his identity.

38. Plaintiff Mouser was similarly unaware that her personal information was being used for purposes beyond the identity verification process. She was never notified that Persona was processing her driver's license-related data for its own purposes beyond verifying her identity.

39. By using this information to enhance its AI system and for purposes unrelated to identity verification, Persona's actions violated the IICA and IDLA.

## CLASS ALLEGATIONS

40. Plaintiffs bring this action on their own behalf and on behalf of a class (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as follows:

> The Class: All Illinois residents who had a photograph of their Illinois identification card issued by the Secretary of State and/or driver's license uploaded to Defendant according to Defendant's records.

41. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

42. Upon information and belief, there are hundreds of thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through records of Defendant and Defendant's clients.

43. Plaintiffs' claims are typical of the claims of the members of the Class Plaintiffs seek to represent, because the factual and legal bases of Defendant's liability to Plaintiffs and the

other Class Members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendant's unauthorized use of their drivers' license and/or Illinois identification card information.

44. There are many questions of law and fact common to the claims of Plaintiffs and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant used information obtained from Plaintiffs' and Class Members' Illinois identification cards and drivers' licenses for purposes unrelated to the identification of Plaintiffs and Class Members;

(b) whether Defendant used Plaintiffs' and the Class Members' PII to improve its own products and/or services, such as to enhance its AI system and for purposes unrelated to identity verification;

(c) whether the foregoing practices violate the IICA and/or the IDLA;

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

46. Plaintiffs will adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

47. Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violations of the Illinois Identification Card Act, 15 ILCS 355/14D
### (On behalf of Plaintiffs and the Class)

48. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

49. Plaintiffs bring this claim individually and on behalf of the Members of the Class against Defendant.

50. The Illinois Identification Card Act, 15 ILCS 335/14D(a), mandates that:

> When information is obtained from an identification card issued by the Secretary of State to identify or prove the age of the holder of the card, or in the course of a commercial transaction, that information may be used only for purposes of identification of the individual or for completing the commercial transaction in which the information was obtained, including all subsequent payment, processing, collection, and other related actions. Information obtained from an identification card issued by the Secretary of State may not be used for purposes unrelated to the transaction in which it was obtained[.]

51. Plaintiffs and Class Members have provided photographs of their respective Illinois identification cards issued by the Secretary of State to Defendant's customers to "identify or prove the age of the holder of the card, or in the course of a commercial transaction[.]" 15 ILCS 335/14D(a).

52. Despite the IICA's prohibitions on using information obtained from an identification card for purposes unrelated to identification verification, Defendant used Plaintiffs and the Class Members' information to improve Defendant's own products and/or services by

using the collected information to train and enhance Defendant's service/machine learning and/or artificial intelligence algorithms. Accordingly, Defendant violated the IICA.

53. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with the IICA's requirements for the use of information obtained from an identification card issued by the Secretary of State; (3) statutory damages of $250 for each violation of the IICA pursuant to 15 ILCS 335/14D(c); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 15 ILCS 335/14D(c).

## COUNT II
### Violations of the Illinois Driver's License Act, 625 ILCS 5/6-117.1
### (On behalf of Plaintiffs and the Class)

54. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

55. Plaintiffs bring this claim individually and on behalf of the members Class against Defendant.

56. The Illinois Driver's License Act, 625 ILCS 5/6-117.1(a) mandates that:

> When information is obtained from a driver's license to identify or prove the age of the holder of the license, or in the course of a commercial transaction, that information may be used only for purposes of identification of the individual or for completing the commercial transaction in which the information was obtained, including all subsequent payment, processing, collection, and other related actions. Information obtained from a driver's license may not be used for purposes unrelated to the transaction in which it was obtained[.]

57. Plaintiffs and Class Members have provided photographs of their respective Illinois driver's licenses to Defendant's customers "to identify or prove the age of the holder of the license, or in the course of a commercial transaction[.]" 625 ILCS 5/6-117.1(a).

58. Despite the IDLA's prohibitions on using information obtained from a driver's license for purposes unrelated to identification verification, Defendant used Plaintiffs and the Class Members' information to improve Defendant's own products and/or services by using the collected information to train and improve Defendant's service/machine learning and/or artificial intelligence algorithms.

59. Defendant's conduct does not fall within any exceptions delineated by the IDLA. Accordingly, Defendant violated the IDLA.

60. On behalf of themselves and members of the proposed Class, Plaintiffs seek (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of the Plaintiffs and the Class Members by requiring Defendant to comply with the IDLA's requirements for the use of information obtained from a driver's license; (3) statutory damages of $250 for each violation of the IDLA pursuant to 625 ILCS 5/6-117.1(b); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 625 ILCS 5/6-117.1(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that this Court enter an Order:

    a)    Certifying the Class defined above, appointing Plaintiffs as the representatives of the Class, and appointing Plaintiffs' counsel as Class Counsel;

    b)    Declaring that Defendant's actions, as set out above, violate 15ILCS 335/14D (the "Illinois Identification Card Act" or "IICA");

    c)    Declaring that Defendant's actions, as set out above, violate 625 ILCS 5/6-117.1 (the "Illinois Driver's License Act" or "IDLA");

14

d) Awarding statutory damages of $250.00 for each of Defendant's violations of the IICA, pursuant to 15 ILCS 335/14D(c);

e) Awarding statutory damages of $250.00 for each of Defendant's violations of the IDLA, pursuant to 625 ILCS 5/6- 117.1(b);

f) Awarding injunctive and other equitable relief as necessary to protect the Class, including an order requiring Defendant to delete any such data that was unlawfully obtained;

g) Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

h) Awarding Plaintiffs and the Class pre-and post-judgment interest and;

i) Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury for all issues so triable.

Dated: October 31, 2024                          Respectfully submitted,

By: */s/ Jordan R. Frysinger*
*One of Plaintiffs' Attorneys*

David L. Gerbie
Colin P. Buscarini
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

15